1

United States District Court
Southern District of Texas
FILED

JUN 1 0 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARCARIO PERALES # 833051
Plaintiff's name and ID Number

SEGOVIA UNIT EDINBURG TX 78539
Place of Confinement

CASE NO. B-02-123
(Clerk will assign the number)

v.

T.D.C.J.-I.D. LOCAL FUND DIVISION - MR. RILEY TILLEY
Defendant's name and address

____________________
Defendant's name and address

____________________
Defendant's name and address
( DO NOT USE "ET AL.")

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate District Court, the Division and an address list of the Divisional Clerks. .

## FILING FEE AND IN FORMA PAUPERIS

1. In order for your complaint to be filed, it must be accompanied by the filing fee of $150.00.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis (IFP)*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "...if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis* , the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire $150 filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

## CHANGE OF ADDRESS

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion (s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

## I. PREVIOUS LAWSUITS:

A. Have you filed *any* other lawsuits in state or federal court relating to your imprisonment? __YES ✓NO

B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: __________
2. Parties to previous lawsuit:

   Plaintiff(s) __________

   Defendant(s) __________
3. Court: (If federal, name the district; if state, name the county.) __________
4. Docket Number: __________
5. Name of judge to whom case was assigned: __________
6. Disposition: (Was the case dismissed, appealed, still pending?)

   __________
7. Approximate date of disposition: __________

II. PLACE OF PRESENT CONFINEMENT: SEGOVIA UNIT - EDINBURG, TX 78539

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted both steps of the grievance procedure in this institution? ✓ YES ___ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: [illegible]

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: MR. RILEY TILLEY - LOCAL FUND DIVISION
P.O. Box 629 HUNTSVILLE, TEXAS 77342-0629

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

WITHDREW "all" OF FUNDS DEPOSITED IN MY TRUST FUND ACCOUNT WITHOUT LEAVING ME ANY FOR HYGIENE and BASIC NECESSITIES; REFUSED TO TAKE a PERCENTAGE OF DEPOSIT

Defendant #2: ___

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: ___

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: ___

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: ___

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened. where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT. PLAINTIFF WAS A MENTAL ILL PATIENT ON MEDICATION AND I RECEIVED A DISCIPLINARY CASE FOR DESTRUCTION OF STATE PROPERTY AND I PLEADED NOT GUILTY AT THE NOTIFICATION, BUT AT THE HEARING, I WENT AHEAD AND PLEADED GUILTY AND THE HEARING OFFICER INFORMED ME THAT I WOULD RECEIVE 30 DAYS NO COMMISSARY, 30 DAYS NO RECREATION AND 30 DAYS CELL RESTRICTION AND THAT I WOULD PAY FOR THE DAMAGED PROPERTY IN INSTALLMENTS TAKEN BY PERCENTAGE OF EACH DEPOSIT MADE IN MY ACCOUNT BUT THEN THEY TOOK ALL MONIES EVERYTIME AND LEFT ME NONE TO BUY MY NECESSITIES. I CONTACTED MR. TILLEY BY LETTER, BUT NO RESPONSE. I FILED THE NECESSARY STEP 1 AND STEP 2 AND THEY SAID THEY WILL TAKE ALL MONEY EVERY TIME AND THEY DID, ALSO 180 DAYS OF GOOD TIME AND CHANGE LINE CLASS FROM LINE (1) TO LINE (2)

RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

TO ENFORCE AND PROTECT MY RIGHTS. I AGREED TO PAY INSTALLMENTS NOT FOR THEM TO TAKE IT ALL. I BEEN WITHOUT ALL THIS TIME. IT HAS SERIOUSLY HARMED ME THE LAST SEVERAL YEARS.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

A.K.A. MIKE. PERALES

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if known to you. #433990 #72???? #833051

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES ✓ NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): ____________

2. Case Number: ____________

3. Approximate date sanctions were imposed: ____________

4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

C. Has any court ever warned or notified you that sanctions could be imposed? ____YES ✓ NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed warning (if federal, give the district and division): ____________

2. Case Number: ____________

3. Approximate date warnings were imposed: ________

Executed on: 6-3-02
DATE

Marcario Perales
(Signature of plaintiff)

PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire $150 filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from my inmate account by my custodian until the filing fee is paid.

Signed this 3rd (Day) day of JUNE (month), ~~19~~ 2002 (year).

Marcario Perales
(Signature of plaintiff)

WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limited to monetary sanctions and/or the dismissal of this action with prejudice.

[illegible]

[illegible]

[illegible]

[illegible] 10-6-99 12:15PM 103 B 249 324

[illegible]

G G D.G. G G G

Officer's report, Admission of guilt

[illegible] 30

[illegible] 30

[illegible] 30

L1 L2

180

625 17

This is what owe

Seriousness of the offense

12

X

G.A. Fry, Capt

[illegible]

No money IN ACCOUNT How could IT JUST be 30 day



Texas Department of Criminal Justice

# STEP 1 OFFENDER GRIEVANCE FORM

PASO 1

Forma Para Quejas de los Preso

| OFFICE USE ONLY<br>Para Uso De La Oficiana Solamente |
|---|
| Grievance #: 2001175756 |
| Date Received: 5-29-01 |
| Date Due: 7-8-01 |
| Grievance Code: 502 |
| Investigator Number: 10667 |
| ☐ EM ☐ UOF ☐ MED |
| ☐ ADA ☐ REL ☐ SSI |

ffender Name: Marcario E. Perales TDCJ # 833051

nit: Ellis Housing Assignment: C-5-2-12

nit where incident occurred: Sanches State Jail.

ou must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when ppealing the results of a disciplinary hearing.

ho did you talk to (name, title)? Riley Tilly When? May 10,2001

hat was their response? He said that I need to pay the full amount.

hat action was taken? No corrective actions was taken.

tate your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

I'm writing to grieve that my money is being illegally taken from my nmate trust fund account in violation of AD-14.61, PD-21, rule 11, and the ruel and Unusual Punishment Act of the Eight Amendment of the United States onstitution.

This grievance is specifically addressing the money being taken from my nmate trust fund account in regards to a destruction of state property case received while at the Sanches State Jail on or about October 6,1999. On October , 1999, I was found guilty of destruction of state property in disciplinary ction No.20000034608, and ordered to pay 628.17 $ in damages. Consequently, ll of the money that has been sent to me from my family has been takenfrom y trust fund account and placed toward the damages owed. On April 12,2001 I ad $41.57 placed in my trust fund account and all of it was taken.

My complaint is that the Unit Disciplinary Committe does not have the uthority to impose a fine upon me, or to settle a suit against me for destruc- ion of state property. Such a claim must be taken to a State Court having urisdiction of the parties in that county. To put it clearly, the Disciplinary ommittee can not have money taken from my trust fund account without an order rom the Court. Thus, all of the money that has been taken from my trust fund ccount must be replaced, because such actions was made in violation of PD-21, ule 11(Theft Of Personal, Or State Property); AD-14.61(Destruction Of State Pro erty); and the Cruel and Unusual Punishment Act of the Eight Amendment of The nited States Constitution.



Texas Department of Criminal Justice

# STEP 2 OFFENDER GRIEVANCE FORM

PASO 2

Forma Para Quejas de los Preso

| OFFICE USE ONLY |
|---|
| Para Uso De La Oficiana Solamente |
| Grievance #: 2001175756 |
| UGI Rec'd Date: 7-12-01 |
| HQ Rec'd Date: JUL 16 2001 |
| Date Due: 8/16 |
| Grievance Code: 502 |
| Investigator Number: I0824 |
| ☐ EM ☐ UOF ☐ MED |
| ☐ ADA ☐ REL ☐ SSI |

Offender Name: MARCARIO E. PERALES TDCJ # 833051

Unit: ELLIS Housing Assignment: C-5-2-12

Unit where incident occurred: ELLIS

Give reason for appeal (Be specific). I am dissatisfied with the response at Step 1 because...

I am dissatisfied with the response at Step 1 stating that it is policy to take money out of my inmate trust fund account if found guilty of violation of state property during a disciplinary hearing.

Such a decision is contrary to clearly established constitutional law as determined by the Supreme Court of the United States for two very important reasons:

First, because the Supreme Court has held that a disciplinary hearing is an administrative hearing, it does not have the authority to impose a fine upon the prisoner. Second, because the Supreme Court has held that in order to gain payment from an inmate for destruction of state property the state must first bring a claim against the inmate in a state court of law having jurisdiction over such parties. The inmate must be found guilty (in State Court) and the find must be set by state court. Thereafter, the state court will order the Director of Inmate Trust Fund to deduct the required money from the inmates trust fund account.

However, because I, inmate Perales, Marcario, have not been found guilty in State court of law having jurisdiction to impose such a fine, I have been denied due process in violation of the 14 Amendment of the United States Constitution. For this reason the Regional Director's Office have a duty to correct the Constitutional violation imposed upon me by the disciplinary officer in case No. 20000034608, and thereafter order that all money taken from my inmate trust fund account be reimburst to me as required by law.

JUL 16 2001

May 6,2001

Mr. Riley Tilley
Assistant Director
Local Fund Division
P.O. Box 629
Huntsville, Texas 77342-0629

Re: Marcario Enrique Perales, TDCJ-ID#833051

Dear Mr. Tilley,

Hello. I'm writing in regards to the money being taken from my "inmate trust fund account" for damages to TDCJ-ID property. On October 6,1999 in disciplinary action No.20000034608 I was found guilty of destruction of State property and ordered to pay $628.17 in damages. This order was made by the Unit Disciplinary Board at the Sanches State Jail.

My complaint is that TDCJ-ID is taking all of my money that is being sent to me from my family and placing it toward the damages owed. On April 12, 2001 I had $41.57 in my inmate trust fund account. However, when I went to make commissary on May 4,2001 all of my money had been taken. I was told by the unit disciplinary board that only Twenty (20%) percent of my money would be taken from each deposit.

Therefore, I am now writing to you asking for help in correcting this error. I'm specifically asking that you have $33.57 placed back in my trust fund account, and thereafter set a payment plan so that only Twenty (20%) percent will be taken from my account in the future.

Your cooperation in this matter is greatly appreciated.

RESPECTFULLY YOURS:

______________________

MARCARIO ENRIQUE PERALES
TDCJ-ID#833051
ELLIS UNIT
HUNTSVILLE, TX.77343