

United States District Court
Southern District of Texas
FILED

AUG 0 9 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARCARIO PERALES, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. B-02-123 |
| § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION § | |
| Defendants. § | |

### DEFENDANT STATE OF TEXAS'S MOTION TO DISMISS PERALES' CLAIMS AGAINST IT UNDER RULE 12

In lieu of an answer the State of Texas hereby files this motion to dismiss under Rule 12.

### I.

### STATEMENT OF THE CASE

Plaintiff Perales has filed a lawsuit against Texas Department of Criminal Justice-Institutional Division ("TDCJ-ID") concerning a dispute over money in his inmate trust account. The Office of the Attorney General received an order from the Court requesting the State of Texas respond to Plaintiff's 42 U.S.C. § 1983 claim.

The State of Texas asks the Court to dismiss this lawsuit against it under FED. R. CIV. P. 12(b)(1) & (6).

### II.

### TEXAS IS ENTITLED TO ELEVENTH-AMENDMENT IMMUNITY

The structure of the Constitution presupposes that States are immune from suit in federal court because they are sovereign and retain sovereign immunity from suit. The presupposition is usually misleadingly referred to as "Eleventh-Amendment immunity" because the Eleventh

Amendment confirms the presupposition, even though it explicitly bars only suits against States in federal courts by citizens of other States or foreign countries.[1]

Texas is entitled to Eleventh-Amendment immunity. Texas may not be sued in federal court unless it waives its immunity and consents to be sued in federal court.[2] In this case Texas has not waived its immunity. Congress can also abrogate the States' Eleventh-Amendment immunity against their will under Section 5 of the Fourteenth Amendment if (1) Congress unequivocally expresses an intent to abrogate that immunity and (2) if so, whether Congress acted pursuant to a valid grant of constitutional authority.[3] But § 1983 does not waive Eleventh-Amendment immunity.[4] Consequently, the Court should dismiss Perales' claims against Texas under Rule 12(b)(1) for lack of subject-matter jurisdiction.

### III.

### THIS LAWSUIT FAILS TO STATE A CLAIM AGAINST TEXAS UNDER § 1983

42 U.S.C. § 1983 states, "Every person who [violates constitutional rights under color of state law] shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Considering this language, the Supreme Court held that neither a state nor its officials while acting in their official capacities are "persons" who may be liable under this provision.[5] Therefore, any claim under § 1983 against Texas cannot be maintained, and the Court should dismiss Perales' claims against Texas under Rule 12(b)(6) for failure to state a claim.

---

1. *Kimel v. Florida Bd. of Regents*, 568 U.S. 62, 72-73, 120 S.Ct. 631, 640 (2000); *Puerto Rico Aqueduct* and *Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, 113 S.Ct. 684, 689 (1993); *Hans v. Louisiana*, 134 U.S. at 13-15, 10 S.Ct. 504, 506-07 (1890) (quoting Hamilton, Madison, and Marshall).

2. *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 2223 (1999); *Clark v. Barnard*, 108 U.S. 436, 447-448, 2 S.Ct. 878, 883-84 (1883).

3. *Kimel*, 568 U.S. at 73, 120 S.Ct. at 640; *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55, 116 S.Ct. 1114, 1123 (1996).

4. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979).

5. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989).

## VII.

## CONCLUSION

The State of Texas respectfully requests that this Court dismiss Perales' claims against it under Rules 12.

        Respectfully submitted,

        JOHN CORNYN
        Attorney General of Texas

        HOWARD G. BALDWIN, JR.
        First Assistant Attorney General

        MICHAEL T. McCAUL
        Deputy Attorney General for Criminal Justice

        PHILLIP E. MARRUS
        Assistant Attorney General
        Chief, Law Enforcement Defense Division

        _____
        ALEXIA J. RODRIGUEZ
        Assistant Attorney General
        Texas State Bar No. 24026659
        Southern District Bar No. 26774

        P. O. Box 12548, Capitol Station
        Austin, Texas 78711
        [Tel.] (512) 463-2080
        [Fax] (512) 495-9139

        ATTORNEYS FOR DEFENDANT
        THE STATE OF TEXAS

## CERTIFICATE OF SERVICE

I, ALEXIA J. RODRIGUEZ, Assistant Attorney General of Texas, certify that a true and correct copy of **Defendant State of Texas's Motion to Dismiss Perales' Claims Against it Under Rule 12** has been served by placing it in the United States Mail, Certified Mail, Return Receipt Requested, on August 7, 2002, addressed as follows:

Marcario Perales, #833051        **Via CM/RRR No. 7001 00360 0001 0850 6227**
Segovia Unit
1201 East El Cibolo Road
Edinburg, Texas 78539

_____
ALEXIA J. RODRIGUEZ
Assistant Attorney General