UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 0 4 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| MARCARIO PERALES, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. B-02-123 |
| § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| Defendant. § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is an inmate bringing a pro se 42 U.S.C. §1983 action seeking a return of monies taken from his "inmate account" pursuant to a disciplinary hearing requiring Plaintiff to pay for damages he caused to state property. Plaintiff also seeks an injunction requiring the prison system to limit the monies extracted from his inmate account to twenty percent of each deposit made. Defendant claims protection by the Eleventh Amendment, and motions for dismissal under FED. R. CIV. P. 12(b)(1) & (6).

For the Defendant's affirmative defense to defeat the Plaintiff's claim, the Defendant must demonstrate that the Texas Department of Criminal Justice (TDCJ) is immune from a §1983 suit. That requires a determination of whether the Eleventh Amendment extends immunity to the TDCJ in an action seeking both damages and an *injunction*. Because the Defendant is protected by the Eleventh Amendment in both types of action, and therefore out of

1

the jurisdiction of §1983, the undersigned concludes that the Defendant's motion to dismiss should be granted, pursuant to § 1197e(c)(1) of the Prison Litigation Reform Act.[1]

## ANALYSIS

### Factual Background

Marcario Perales, the Plaintiff, is an inmate in the custody of the Texas Department of Criminal Justice (TDCJ). On October 1, 1999, Plaintiff was found by a prison disciplinary board to have caused damage to certain state property valued at $628.17. Among the various forms of punishment imposed on the plaintiff, a withdrawal of funds in an amount sufficient to repair/replace the damaged property was ordered. Plaintiff claims that it was agreed that only twenty percent of each deposit made into his inmate account would be withdrawn. This agreement is not evidenced on the TDCJ Disciplinary Report and Hearing Record.

On April 12, 2001, $41.57 was deposited by Plaintiff's family, and the entire amount was taken. On May 6, 2001, Plaintiff notified the Assistant Director of the Local Fund Division of a possible error in the taking. Both steps of the grievance process were completed by July, 16, 2001.

Now, Plaintiff brings suit against the TDCJ pursuant to 42 U.S.C. §1983. That section provides, "[e]very person who, under color of any statute, ordinance, regulation, custom, or

---

[1] Section 1997e(c)(1), regarding dismissal, provides that "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. §1997e(c)(1) (1994).

usage, of any State... , subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. §1983 (1994). Ultimately, the issue is whether Plaintiff is suing a proper "person" within the meaning of §1983.

### Liberal Construction of Plaintiff's Claim

Because this action was filed by an inmate, pro se and in forma pauperis, it is construed liberally. *Marshall v. Norwood*, 741 F.2d 761, 762 (1984); *Copeland v. Hamlin*, 2001 WL 1335842 (N.D.Tex 2001). Some analysis will stem from claims implied from the face of the complaint. Hence, although Plaintiff brings suit solely against the TDCJ, the analysis will consider the effect of a suit brought against the Assistant Director of the Local Fund Division, individually, for the purposes of determining Plaintiff's ability to successfully seek the injunction. In addition to determining whether Plaintiff is entitled to relief under §1983, determinations of whether Plaintiff's Eighth Amendment rights have been infringed and whether Prison Litigation Reform Act is outcome determinative, will be made. However, the following will not include a federal due process analysis because a "single claim asserted under both civil rights statute § 1983 and the Fourteenth Amendment [is] duplicitous." *Verdon v. Consolidated Rail Corp.*, 828 F. Supp. 1129 (S.D.N.Y 1993).

### The Eleventh Amendment and the Texas Department of Criminal Justice

The Eleventh Amendment immunizes the States from suits brought in federal court by their own citizens. *Sherwinski v. Peterson*, 98 F.3d 849 (5th Cir. 1996). The Eleventh

Amendment extends immunity to suits against "instrumentalities of the state," such as the TDCJ. *See Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052 (1998). Moreover, this immunity protects state officials who are sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68-70 (1998); *Chacko v. Texas A&M Univ.*, 960 F.Supp. 1180, 1199 (S.D.Tex. 1997).

Eleventh Amendment immunity bars claims against a state, its instrumentalities and officials, brought pursuant to 42 U.S.C. § 1983. *See Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n. 9 (5th Cir.1991). Congress did not intend §1983 to waive the sovereign immunity for the States. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979). Texas has not waived Eleventh Amendment immunity for this type of action. *See Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052 (1998) (citing *Emory v. Texas State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir.1984)).

An exception to the States' immunity was carved out by the Supreme Court in *Ex Parte Young*, 209 U.S. 123, (1908). *Ex Parte Young*, held that "a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law. *Quern v. Jordan*, 440 U.S. 332, 337 (1979) (abrogating from traditional Eleventh Amendment doctrine because of an injunction's ancillary effect on a state's treasury). This exception is not applicable to suits seeking damages that in effect "require a payment from state funds." *See Quern v. Jordan*, 440 U.S. 332, 337 n.6 (1979) (stating that "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief... and may not include a retroactive award which requires the payment of funds from the state treasury).

To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of federal law must: 1) be brought against individual persons in their official capacities as agents of the state; 2) seek relief declaratory or injunctive in nature; and 3) be prospective in effect. *See Saltz v. Tennessee Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir.1992). *Ex Parte Young* stands for the proposition that enforcement of an unconstitutional law is not an official act, protected by immunity, because a state can not confer authority on its officers to violate the Constitution or federal law. *See American Bank & Trust Co. of Opelousas v. Dent*, 982 F.2d 917, 920-21 (5th Cir.1993). Therefore for the *Ex Parte Young* exception to apply to the instant action, the Plaintiff would have to claim that an official from the TDCJ is unconstitutionally enforcing some law.

### TDCJ's Disciplinary Action is not an Unconstitutional Enforcement of Law.

Under Texas law, an inmate housed in a facility operated by the TDCJ is liable for the inmate's intentional damage to property belonging to the state. TEX. GOV'T CODE ANN. §500.002(a) (West 2002). Section 501.014(f)(8) authorizes the TDCJ to "place a hold on money in or withdraw money from an inmate account... to recover money the inmate owes the department for indigent supplies, medical copayments, destruction of state property, or other indebtedness." Federal Constitutional due process requirements are satisfied by statutorily prescribed hearing requirements and subsequent avenues for judicial review. *See* TEX. GOV'T CODE ANN. §§500.002(b)-(d) (West 2002); *Parratt v. Taylor*, 451 U.S. 527 (1981).

### Neither of Plaintiff's Claims Meet the Ex Parte Young exception.

The Supreme Court's holding in *Quern*, makes it clear that Plaintiff's claim for retroactive payment from state funds must fail. Plaintiffs second claim seeks an injunction, prospective in nature. However, Plaintiff fails to seek the injunction against a proper party.

Because Texas law empowering the TDCJ to withdraw inmate account funds facially appears to comply with federal due process requirements, there is no avenue for a claim by the Plaintiff that a certain TDCJ official is unconstitutionally enforcing, in an ultra vires manner, §501.014. Therefore, Plaintiff's claim seeking an injunction on further TDCJ takings must fail, for failure to meet the *Ex Parte Young* requisites.

Cruel and Unusual Punishment and the Prison Litigation Reform Act

Plaintiff states in his petition, and in his grievance forms, that prison officials are "subjecting him to even more punishment than prison, causing mental stress, anxiety, concern and not allowing him to care for himself... [because] the TDCJ does not furnish hygiene supplies." Construed liberally, this implies a violation of the Eigth Amendment and requires reference to the Prison Litigation Reform Act, 42 U.S.C. § 1997e (PLRA). *See Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001). Here, the Eigth Amendment claim is without merit and the PLRA bars the action for mental distress.

The Eighth Amendment's prohibition against cruel and unusual punishment requires that prisoners be afforded "humane conditions of confinement" and requires that prison officials ensure that inmates receive adequate food, shelter, clothing, and medical care. *Farmer v. Brennan*, 511 U.S. 825 (1994). An Eighth Amendment violation claim requires a plaintiff to establish: first, that the deprivation alleged was sufficiently serious[2]; and second, that the prison official possessed a sufficiently culpable state of mind. *See id.* at 1977. The required state of mind for cases related to prison conditions is that the official acted with "deliberate indifference"

---

[2] an official's act or omission must have resulted in the denial of the minimal civilized measure of life's necessities. *See id.* at 1977.

to inmate health or safety. *See Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir.1999). Deliberate indifference is established by showing that the defendant officials "(1) were aware of facts from which an inference of *excessive* risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

In the instant action, Plaintiff does not proffer any evidence that could be construed as a "sufficiently serious deprivation," nor does he mention any circumstances that could amount to "deliberate indifference" on the part of a prison official. The plaintiff only mentions that hygiene products are not provided; Plaintiff does not state that he is actually deprived of such items. Moreover, the Texas statute, referenced above, which regulates inmate money confiscations, mentions loans made to indigent inmates for supplies. *See* TEX. GOV'T CODE ANN. §501.104(f)(8) (West 2002).

Lastly, Plaintiff's implied claim against the prison system for emotional or mental injury is barred by the PLRA. Section 1997e(e) provides that "no federal civil action may be brought by a prisoner... for mental or emotional injury suffered while in custody without a prior showing of physical injury." Nowhere in Plaintiff's claim can a reference to a physical injury be found.

## Conclusion

No qualification on TDCJ's Eleventh Amendment immunity is applicable to Plaintiff's §1983 action. Plaintiff fails to bring suit against a "person" within the meaning of §1983. Plaintiff fails to state a any other claim upon which relief can be granted. Therefore this action is proper for dismissal under § 1997(c)(1) and Rule 12(b)(6).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant's motion for dismissal be granted. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this ____ day of November, 2002.

_____
Felix Recio
United States Magistrate Judge